UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>)<br>v.                                                         )<br>)<br>MARCUS ROYAL,                           )<br>)<br>Defendant.                          ) | CR421-135-6 |

# ORDER

Defendant Marcus Royal was indicted, along with 13 codefendants, on a single count of Conspiracy to Possess with Intent to Distribute and to Distribute Controlled Substances (Count 1), and four counts of Distribution of a Controlled Substance (Counts 34-37).  Doc. 3 (Indictment).  The Government's investigation in this case utilized two confidential informants to engage in "controlled buys" of narcotics from an individual alleged to be Royal.  Doc. 192 at 3; *see also* doc. 210 (at the hearing, the Government clarified that the four controlled buys were conducted by two different informants).  The informants captured audio and video from each of the four controlled buys with hidden recording equipment.  Doc. 192 at 5-6.

Royal has moved the Court to order that the Government disclose the identities of the two informants who allegedly purchased narcotics from Royal, doc. 164. He has also filed a related motion, doc. 163, which asks the Court to order the Government to produce unredacted copies of audio/video captured by the informants.

The Government opposes the motion to disclose the informants' identities, arguing that their identities are privileged. *See generally* doc. 192. The Government opposes producing the recordings, arguing that the unredacted copies are also privileged because they would reveal the informants' identities. Doc. 192 at 6. The Government concedes that it must provide the unredacted videos to the defense at least fourteen days prior to trial, and will disclose the identity of "any relevant informant used in this case" at least one week prior to trial. Doc. 192 at 3. At a January 19, 2022 hearing on Royal's motions, Royal clarified that he seeks immediate disclosure of the informants' identities and the unredacted recordings. Doc. 210 (Minute Entry). For the following reasons, Royal's motion for the informants' identities is **DENIED**. Doc. 164. His motion for the unredacted recordings, however, is **GRANTED**. Doc. 163.

A.    <u>Royal may not compel disclosure of the informants' identities.</u>

The identity of informants who supply information regarding criminal activity to law enforcement is generally privileged. *Roviaro v. United States*, 353 U.S. 53, 59 (1957). The privilege protects the Government's interest in encouraging future informants to assist its investigations. *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997). Additionally, maintaining informants' anonymity protects their physical safety. *See United States v. Flores*, 2007 WL 2904109, at *63 (N.D. Ga. Sept. 27, 2007). These interests, however, must be balanced against a defendant's right to prepare his defense. *Roviaro*, 353 U.S. at 62.

A defendant seeking an informant's identity bears the burden of showing the need for disclosure. *United States v. Pineda Castro*, 795 F. App'x 635, 650 (11th Cir. 2019) (citing *United States v. Gutierrez*, 931 F.2d 1482, 1490 (11th Cir. 1991)). Although there is "no fixed rule" governing a defendant's ability to defeat the Government's nondisclosure privilege, *id.*, the Eleventh Circuit has provided three factors a court should consider: "[1] the extent of the informant's participation in the criminal activity, [2] the directness of the relationship between the defendant's asserted defense and the probable testimony of the

3

informant, and [3] the government's interest in nondisclosure." *Gutierrez*, 931 F.2d at 1490 (internal quotations and citation omitted); *see also United States v. Riley,* 2019 WL 2093248, at *4 (S.D. Ga. Apr. 19, 2019) (applying the three *Gutierrez* factors).[1]

1. <u>The extent of the informants' participation in the crime weighs in favor of, but does not mandate, disclosure.</u>

Under the first factor, "where a CI played an active or prominent role in the criminal activity a defendant may succeed in obtaining disclosure of the CI's identity." *United States v. Robinson*, 2008 WL 5381824, at *4 (S.D. Fla. Dec. 19, 2008) (quoting *United States v. McDonald*, 935 F.2d 1212, 1217 (11th Cir. 1991)) (internal quotations omitted). Further, if a defendant can show that an informant was the "sole participant" other than the defendant in the charged criminal activity, the first factor "mandate[s]" informant identity disclosure. *Riley*, 2019 WL 2093248, at *3 (citing *Gutierrez*, 931 F.2d at 1490-91) (".

---

[1] If the Government intends to call a confidential informant as a witness, "there is no basis under *Roviaro* for early disclosure of a confidential source's identity because the defendant will have the opportunity to cross-examine the individual." *Riley*, 2019 WL 2093248, at *3. Here, the Government represents that "[a]t this stage of the proceeding, [it] cannot state with certainty whether it intends to call the confidential informant to testify should this case proceed to trial." Doc. 192 at 9; doc. 210 (at the hearing, the Government clarified that this case involves two informants, and did not state that it intends to call either informant as a witness at trial). Accordingly, the Court will analyze whether the Government may resist Royal's request for the immediate disclosure of the informants' identities under the *Roviaro* privilege.

. . where the informant was the sole participant in the charged offense other than the accused, disclosure is mandated.")).  However, even if an informant and a criminal defendant are the only two individuals physically participating in the charged criminal activity, disclosure is not mandated if individuals other than the informant monitored and can testify as to the activity.  *See United States v. Cantrell*, 2010 WL 3800684, at *3 (N.D. Ga. Sept. 23, 2010).

Royal has established that the first factor weighs in favor of disclosure of the informants' identities, since the they both directly participated in the alleged narcotics transactions with which Royal is charged.  *See* doc. 192 at 10 (The Government concedes that the first factor "weighs in favor of disclosure.").  This factor alone, however, does not mandate disclosure, since "numerous officers conducted surveillance and a pole camera was in use as well during these controlled buys." Doc. 192 at 6; *see Cantrell*, 2010 WL 3800684, at *3 (Even though a drug purchase in a restaurant between defendant and informant was "outside the view of law enforcement agents," disclosure of the informants' identity was not mandated, since agents recorded a phone call arranging the drug purchase, witnessed defendant arrive at and depart from the

5

restaurant, and the Government captured audio from the transaction with a hidden recorder.); *see also United States v. Chavez-Maciel*, 2012 WL 6742323, at *15 (N.D. Ga. Dec. 7, 2012) ("sole participant" rule does not apply when an informant "was in the presence of *or was otherwise monitored* by federal agents, who can testify to all of the conversations of [the informant] and [the defendant]." (emphasis added)).

> 2. *The lack of an explicit relationship between an asserted defense and the informants' testimony weighs against disclosure.*

Under the second factor, Royal has not shown a "[direct] . . . relationship between [his] asserted defense and the probable testimony of the informant." *Gutierrez*, 931 F.2d at 1490. He has not provided any information about the specific defense he intends to develop through the informants' testimony. *See generally* doc. 164. Additionally, Royal's counsel conceded at the hearing that he does not seek the informants' identities to bolster a specific defense; rather, he seeks them in order to determine whether their testimony will support any defenses. Doc. 210 (Minute Entry). Mere speculation concerning the benefit to the defendant from an informant's testimony is not sufficient to favor disclosure. Without an articulation of the specific defense Royal anticipates the informants' testimony will support, he has provided mere

6

conjecture that disclosure will assist his case. *See Pineda Castro*, 795 F. App'x at 651 (defendant cannot defeat Government privilege when she "does no more than speculate that the informant's testimony would be helpful to her defense . . . ."); *United States v. Ivey*, 2009 WL 2900274, at *2 (S.D. Ga. Aug. 27, 2009) (citing *United States v. Moreno*, 588 F.2d 490, 494 (5th Cir. 1979) ("mere possibility of obtaining relevant testimony too remote to require informant's disclosure; more than speculation about usefulness required")). Accordingly, the second factor weighs against disclosure.

> 3. *Concern for the confidential informants' safety weighs against disclosure.*

Under the third factor, the Government argues that its "interest in protecting the safety of the CI is paramount in this case." Doc. 193 at 13. Despite that assertion of significance, the substance of the Government's concern is vague, at best:

> Public identification of CI's identity could place the CI in serious danger because the CI has assisted law enforcement on numerous occasions. The CI participated in various controlled narcotics purchases and provided intelligence and information on numerous drug dealers.

Doc. 192 at 13. After the Government's clarification at the hearing that there is not one, but two, informants involved, the Court is left to wonder

whether the representation concerning previous assistance applies to one or both. Doc. 210 (Minute Entry). At the hearing, however, the Government articulated the following reasons for its interest in non-disclosure which the Court might infer apply to *both* informants:

- This case involves 14 co-defendants, and the alleged transactions occurred in a close-knit neighborhood.
- The investigation utilized multiple informants who were used on multiple occasions.
- This case involves 56 counts, 55 of which relate to narcotics transactions utilizing one of the multiple informants.
- This case involves a firearms charge.[2]

Doc. 210 (Minute Entry).

When the Government asserts that pretrial disclosure would "endanger the CI and jeopardize the integrity of certain criminal investigations," the defendant must rebut that assertion in order to carry his burden. *See Rook*, 2016 WL 8710421, at *3; *see also United States v. Lopez-Giraldo*, 2020 WL 8769942, at *7 (N.D. Ga. Oct. 26, 2020) (third

---

[2] The Court is skeptical that a single firearm possession charge in a 56-count indictment indicates that the third factor weighs heavily in favor of nondisclosure. *Compare* doc. 51 at 18 (Defendant Charles Aimee Fields, Jr. charged with Possession of a Firearm by a Prohibited Person), *with Cobb*, 2021 WL 2493240 at *12 (Government's interest in non-disclosure is especially high when indictment details narcotics conspiracy, firearms charges, and murder charges), *and United States v. Jimenez*, 824 F. Supp. 351, 365 (S.D.N.Y. 1993) (Government's interest in non-disclosure is heightened in a "narcotics case in which an arsenal of firearms was seized."). As discussed below, however, Defendant still has not met his burden of showing that the third factor weighs in favor of disclosure in this case.

factor "weighs slightly in favor of the government because the government has expressed its concern (albeit in a conclusory fashion) that disclosure could pose a risk to the safety of the informants"). The only fact Royal has asserted which might counter the Government's assertion of a safety concern—no matter how vague and conclusory that assertion is—is that *he* is currently incarcerated. Doc. 164 at 2. This is a multi-defendant drug distribution case, however, and the informants could be in danger from individuals other than Royal himself. Accordingly, despite the Government's vague articulation of its interest in nondisclosure, the Court is not satisfied that Royal has overcome it. Thus, although the third factor is more equivocal, it weighs against disclosure.

Accordingly, the *Gutierrez* factors balance against disclosure. While the informants were prominently involved in the crimes charged, their testimony is not the only source of information about that activity. Most importantly, Royal has, at most, only speculated about the value for his defense of discovering the informants' identities. Finally, the Court is satisfied that he has not identified any fact that would rebut the Government's assertion, albeit vague and ambiguous, of a safety concern.

9

Royal has not, therefore, shown that the *Gutierrez* factors weigh in favor of disclosure, and his motion is **DENIED**. Doc. 164.

### B. Royal May Compel Production of the Unredacted Audio/Video

Royal requests that the Court order the Government to provide him with unredacted copies of the recordings of the controlled buys. Doc. 163 at 1; doc. 210 (at the hearing, counsel clarified that Royal seeks disclosure of unredacted versions of the recordings). Federal Rule of Criminal Procedure 16(a)(1)(E)(i) requires the Government to allow a defendant, "[u]pon [his] request," to "inspect and to copy or photograph books, papers, documents, data, photographs, tangible objects, buildings[,] or places" if the item is "material to preparing the defense." *See, e.g.*, *United States v. Charlton*, 2021 WL 2885811, at *2 (E.D. Mich. July 9, 2021) (When criminal defendant moves to compel video recordings in the Government's possession during pretrial discovery, he must show that the video would be "material to preparing the defense" under Rule 16(a)(1)(E)).

When material sought under Rule 16(a)(1)(E) would reveal an informant's identity, however, the Government may protect those materials from disclosure under the *Roviaro* privilege. *See United States*

*v. Sanders*, 2020 WL 2331195, at *3-4 (E.D. Ky. May 11, 2020) (when documents and audio recordings sought by defendant under Rule 16(a)(1)(E)(i) would likely reveal informant's identity, the Government's *Roviaro* privilege is "vital to the analysis" of whether the documents and audio should be produced); *United States v. Loden*, 2018 WL 6308725, at *2-5 (E.D. Tenn. Dec. 3, 2018) (explaining that the disclosure requirements of Rule 16(a)(1)(E)(i) are "[i]n tension" with the *Roviaro* privilege, and holding that the Government need not produce audio recordings of controlled buys because they would reveal an informant's identity); *United States v. Hall*, 3:13-CR-007, doc. 20 at 5-7 (E.D. Tenn. Apr. 10, 2013) (after the court's "review[] of the video . . . it is clear that the disclosure of the video recording would reveal the identity of the confidential informant," and the *Roviaro* privilege therefore protects the video from disclosure).   First, the Court will discuss whether the recordings are "material" under Rule 16.  Second, the Court will discuss

whether the Government may withhold the recordings under the *Roviaro* privilege.

### 1. *The recordings are material.*

Royal has shown that the unredacted recordings are "material to preparing [his] defense" under Rule 16(a)(1)(E)(i). *United States v. W. R. Grace*, 401 F. Supp. 2d 1069, 1074 (D. Mont. 2005) (defendant bears the burden of establishing materiality under Rule 16(a)(1)(E)(i)).  A defendant seeking disclosure under this rule must "demonstrate materiality with more than a general description of the item or a conclusory argument that the requested item is material to the defense"; rather, he must "make a specific request for the item and an explanation of how it will be helpful to the defense." *United States v. Cruz-Fajardo*, 2017 WL 9477637, at *3 (N.D. Ga. June 8, 2017) (citing *United States v. Jordan*, 316 F.3d 1215, 1250 (11th Cir. 2003)); *see also* Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 254 (4th ed. 2008) ("Too much should not be required in showing materiality."). "'Helpful' in this respect means that the item is relevant to the preparation of the defense and not necessarily exculpatory." *Cruz-Fajardo*, 2017 WL 9477637, at *3 (citing *Jordan*, 316 F.3d at 1251).

However, a defendant may not use the rule to engage in a "fishing expedition." *United States v. DeLeon*, 428 F. Supp. 3d 716, 756, 771 (D.N.M. 2019) (quoting *United States v. Maranzino*, 860 F.2d 981, 985-86 (10th Cir. 1988)). The Government is therefore only required to disclose material under Rule 16(a)(1)(E)(i) if it enables a defendant to "significantly to alter the quantum of proof in his favor." *United States v. Mwangi*, 2010 WL 690136, at *11 (N.D. Ga. Feb. 18, 2010) (quoting *United States v. Buckley*, 586 F.2d 498, 506 (5th Cir. 1978)).

Royal has met the low bar of showing materiality under Rule 16. Royal is charged with selling drugs, and unredacted recordings of the alleged transactions would obviously assist him in evaluating the merits of the Government's case against him. Even if the unredacted footage is likely to hurt Royal's case at trial, courts have clarified that Rule 16(a)(1)(E)(i)'s "material to preparing the defense" standard "is not limited to evidence that is favorable or helpful to the defense and does not immunize inculpatory evidence from disclosure." *United States v. Safavian*, 233 F.R.D. 12, 15 (D.D.C. 2005) (citing *United States v. Marshall*, 132 F.3d 63, 69 (D.C. Cir. 1998)). Accordingly, Royal has met his burden of showing materiality under Rule 16.

2. *The Government has not established that the recordings are privileged.*

As discussed above, the Government may withhold materials which would otherwise be discoverable under Rule 16 if they reveal an informant's identity. Before weighing the applicable factors, courts first determine whether the materials, in fact, reveal the informant's identity.[3] Further, since *Roviaro* articulates a privilege for the Government, the Government bears the burden of showing that it applies in the first place.[4] *See United States v. Breton*, 740 F.3d 1, 9 (1st Cir. 2014) ("[I]n general . . . the party asserting a privilege "bears the burden of showing that the privilege applies."); *United States v. City of Boca*

---

[3] *See, e.g., Sanders*, 2020 WL 2331195 at *3 ("While Sanders argues that the identity of the informant need not be revealed, it is clear from the government's response and the facts surrounding the case that the release of documents and audio from the buy would likely reveal the informant's identity."); *Loden*, 2018 WL 6308725 at *3 ("The parties also do not appear to dispute that the confidential informant's identity would be obvious to Defendant if he was provided with the recordings [requested under Rule 16]."); *Hall*, 3:13-CR-007, doc. 20 at 5-7 (after the court's "review[ of] the video, it is clear that the disclosure of the video recording would reveal the identity of the confidential informant," and the *Roviaro* privilege therefore protects the video from disclosure); *United States v. Parks*, 2009 WL 1617010, at *4 (E.D. Tenn. June 9, 2009) ("The [Court] is certain that disclosure of the audio recording of the controlled buy at issue in this case [under Rule 16] would result in disclosure of the CI's identity," since "the CI's voice, which is distinctive, can be heard clearly. Additionally, at one point, the CI gives his/her name.").

[4] As discussed above, if the privilege applies to Rule 16 materials because their disclosure would reveal an informant's identity, the burden shifts to the criminal defendant to defeat the privilege under the *Gutierrez* factor test.

14

*Raton*, 2008 WL 11406063, at *2 (S.D. Fla. Jan. 8, 2008) (citing *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559 (11th Cir. 1985) ("The party resisting discovery, . . . because it is asserting . . . that a privilege or a limitation applies, has the burden of demonstrating the . . . privilege or limitation.")).

The following statements are the closest the Government comes to arguing that the recordings implicate the *Roviaro* privilege by "identifying" the informants:

- "Immediate Disclosure and Dissemination of the Audio/Video to Defendant Will Prematurely Reveal the Confidential Informant's Identity . . ." Doc. 192 at 6.
- "Allowing Defendant to view the unredacted audio/videos would result in the CI's identity being revealed and is not warranted." *Id.* at 8.
- "[D]isclosure of the unredacted audio/video] would, in effect, reveal the identity of the CI . . . ." *Id.* at 14.
- At the hearing, counsel for the Government stated that the alleged drug transactions occurred in a close-knit neighborhood. Doc. 210 (Minute Entry).

However, at the hearing, counsel for the Government seemingly contradicted these statements by claiming that "this is not that case . . . where a defendant would 100% know the informant immediately upon viewing of the entirety [of the unredacted videos]." Doc. 210 (Minute Entry).

15

The Court reviewed the unredacted recordings *in camera*. Three of the four videos feature clear, prolonged shots of the informants' faces; one video only shows the face of an individual selling drugs. The informants' voices are clear in the unredacted audio accompanying the video.[5] A person sufficiently acquainted with the informants would perhaps be able to identify them from the recordings. The *Roviaro* privilege, however, does not protect the Government from producing materials which contain information from which a party *might infer* an informant's identity. After all, with sufficient background information even the details necessary in an Indictment might be sufficient to infer an informant's identity. In the absence of more specific information that Royal knows the informants well enough to identify them by their faces or voices, the Government has not met its burden of showing that Royal's request implicates the *Roviaro* privilege. Accordingly, his motion requesting production of the recordings is **GRANTED**. Doc. 164.

---

[5] The Government has not explicitly stated that the individuals whose faces clearly appear in the unredacted videos are the informants. However, based on the Government's representation that the unredacted recordings would reveal the informants' identities, doc. 192 at 14; doc. 210 (Minute Entry), the Court assumes that these individuals are the informants.

For the foregoing reasons, Royal's motion seeking the informants' identities is **DENIED**, doc. 164.  His request that the Government be required to produce the unredacted recordings, however, is **GRANTED**, Doc. 163.  Accordingly, the Government is **DIRECTED** to produce the recordings to defense counsel, in any format compliant with Rule 16, within 14 days from the date of entry of this Order.

**SO ORDERED**, this 7th day of March, 2022.

_____
CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA